IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAMIEN SMITH,

                                      OPINION AND ORDER

            Plaintiff,

                                      17-cv-856-bbc

    v.

THE CITY OF MADISON, CORY NELSON,
SAMANTHA KELLOGG, PAIGE VALENTA,
COLLEEN MCCOSHEN and NOBLE WRAY,

           Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se prisoner Damien Smith is proceeding on claims that various public officials forced him to be a part of the Focused Deterrence Program because of his race and without an opportunity to be heard, in violation of the equal protection clause and the due process clause.  Before the court is plaintiff's motion for clarification in which he asks whether the screening order also allows him to proceed on his claim that defendants Cory Nelson, Samantha Kellogg and Paige Valenta violated his rights under the Fourth Amendment by searching him without a warrant or his consent while he was on probation.  Dkt. #20.

      In the screening order, I noted that plaintiff appeared to be including allegations about the searches as context for his claim that he has been treated differently and unfairly because of his forced participation in the deterrence program and was not raising separate claims for those incidents.  However, because plaintiff has now made clear that he intended

1

to bring separate claims under the Fourth Amendment, I will screen those allegations under 28 U.S.C. § 1915A.

After considering plaintiff's allegations, I conclude that plaintiff may proceed on a Fourth Amendment claim against defendants Nelson, Kellogg and Valenta and will amend the screening order, dkt. #9, to reflect that fact.

OPINION

In his complaint, plaintiff alleges that defendants Nelson, Kellogg and Valenta, who are all detectives with the City of Madison Police Department's Special Investigations Unit, searched him at the November 8, 2011 "Notification" meeting of the Forced Deterrence Program, and during visits to his home every other week from November 2011 to May 2012, without a warrant or probable cause. He also alleges that defendant Nelson searched all of his electronics during those home visits. At the time that these searches occurred, plaintiff was on probation.

The Fourth Amendment protects the right of individuals to be free from "unreasonable searches and seizures." U.S. Const. amend. IV. In general, a search or seizure is reasonable where "there is probable cause to believe that a criminal offense has been or is being committed." Devenpeck v. Alford, 543 U.S. 146, 152 (2004). However, probationers have reduced Fourth Amendment rights. A probationer may be searched on the basis of "reasonable suspicion" that the person violated the terms of his supervision, parole or probation. United States v. Knights, 534 U.S. 112, 121 (2001); Knox v. Smith, 342 F.3d

2

651, 657 (7th Cir. 2003) ("Therefore, we must determine whether the facts, taken in the light most favorable to Knox, show that Smith requested the warrant without reasonable suspicion to believe that Knox had violated his [mandatory supervised release]."). The reasonable suspicion standard requires "'something less than probable cause but more than a hunch,' which exists when there is some 'objective manifestation' that a person is, or is about to be, engaged in prohibited activity." Knox, 342 F.3d at 659 (quoting United States v. Lenoir, 318 F.3d 725, 729 (7th Cir. 2003)). Although plaintiff does not explain whether the searches were a condition of his probation or why defendants thought that plaintiff may have violated the terms of his probation, I will assume at this point that defendants' suspicion was unfounded and therefore unreasonable. Accordingly, I will amend the screening order to allow plaintiff to proceed on a Fourth Amendment claims against defendants Nelson, Kellogg and Valenta.

ORDER

IT IS ORDERED that the screening order in this case, dkt. #9, is AMENDED to state that plaintiff Damien Smith is GRANTED leave to proceed on a Fourth Amendment claim that defendants Cory Nelson, Samantha Kellogg and Paige Valenta searched him at the November 8, 2011 "Notification" meeting of the Forced Deterrence Program and during visits to his home every other week from November 2011 to May 2012, and that defendant

Nelson searched all of his electronics during those home visits, without a warrant, consent or reasonable suspicion.

Entered this 21st day of May, 2018.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge