IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAMIEN SMITH,

                                                                              OPINION AND ORDER

                     Plaintiff,

                                                                               17-cv-856-bbc

      v.

THE CITY OF MADISON, CORY NELSON,
SAMANTHA KELLOGG, PAIGE VALENTA,
COLLEEN MCCOSHEN and NOBLE WRAY,

                   Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se prisoner Damien Smith is proceeding on claims that (1) defendants City of Madison, Noble Wray, Cory Nelson, Samantha Kellogg, Paige Valenta and Colleen McCoshen forced him to be a part of the Focused Deterrence Program because of his race and without an opportunity to be heard, in violation of the equal protection clause and the due process clause; and (2) defendants Nelson, Kellogg and Valenta searched him without a warrant or probable cause during his participation in the program, in violation of the Fourth Amendment. Before the court is plaintiff's motion to compel defendants to respond to several interrogatories and a request for production of certain documents. Dkt. #24. I am denying the motion with two exceptions. First, defendants Wray, Cory Nelson, Kellogg and Valenta must respond to plaintiff's request for production of documents by either (1) producing any Federal Bureau of Investigation documents or information on which they

1

relied in making their decision to include plaintiff in the program; or (2) explaining that they do not have any such information. Second, these defendants also must disclose whether any of the members of the selection committee, or any other individuals involved in choosing who qualifies for the program, knew the race of the candidates from past encounters with them.

OPINION

In his motion to compel, plaintiff contends that defendants Noble Wray, Cory Nelson, Samantha Kellogg and Paige Valenta (the city defendants) improperly objected to his requests for discovery obtained by the Federal Bureau of Investigation in his criminal case and his interrogatory questions nos. 7, 9, 13-16, 18-19, 20-23 and 25. He also contends that defendant Colleen McCoshen improperly objected to his interrogatory question nos. 5-7, 12, 14, 16, 18, 24, 19-21 and 25. Defendants point out that plaintiff never attempted to meet and confer with them before filing his motion, in violation of Fed. R. Civil P. 37(d)(1)(B) and this court's preliminary pretrial conference order, dkt. #19. Additionally, after reviewing plaintiff's motion, the city defendants agreed to supplement interrogatory nos. 7, 13, 20, 21 and 25 by August 8, 2018. In the absence of any further objection from plaintiff, I will not further address plaintiff's motion with respect to the city defendants' response to these particular interrogatories. Plaintiff's remaining discovery requests are discussed separately below.

A. City Defendants

1. FBI discovery

Plaintiff seeks "FBI discovery for case 12-CR-109-bbc-01," which plaintiff states is the case that resulted in his placement in the program. He also alleges that the bureau was part of the program's law enforcement panel. Defendants point out that if plaintiff wishes to obtain information collected by the Federal Bureau of Investigation, he must seek it through that agency and not defendants, who are not employed by that agency or otherwise representing that agency. Although defendants are correct, if defendants used information obtained from the Federal Bureau of Investigation in making their decision to include plaintiff in the program, the information to which defendants had access would be discoverable. Therefore, defendants must respond by either producing these documents or advising the court that they do not have any such information.

2. Interrogatory nos. 9, 15 and 16

In interrogatory no. 9, plaintiff asks whether "the participation and life time involuntary commitment to the SIU Program [is] based on therapeutic or public safety reasons." Interrogatory no. 15 asks whether a Class I felony for battery, a Class F felony for selling 2 grams of crack and multiple bail jumping qualify a person as the top ten most violent offenders in the Madison area. Interrogatory no. 16 asks how plaintiff qualified for being the "most violent, repeat criminal offender in the Madison area." In response, defendants generally objected to the interrogatories as argumentative, conclusory and vague,

but they responded with detailed information about the purpose of the program and the basis for plaintiff's selection. Because plaintiff has not identified any particular problem with the responses apart from arguing that they are inconsistent with his own beliefs about the purpose of the program or the basis for his selection, plaintiff's motion to compel a response to these interrogatories will be denied.

3. Interrogatory nos. 14, 18 and 19

These interrogatories ask about the racial composition of the program and those who qualify for it. Interrogatory no. 18 asks why most of the individuals selected for the program are black, even though blacks compose only six percent of the population and whites compose over 80 percent of the population. Similarly, interrogatory no. 19 asks why the selection committee selected a demographic inconsistent with the population. Defendants objected to both interrogatories as argumentative, conclusory, assuming unproven facts and incomplete, but responded that they did not know the race of the individuals who met the selection criteria because they are on probation and out of custody at the time of selection and the lists of individuals meeting the selection criteria do not include their race. Although I agree that defendants have responded to the interrogatories, it is unclear whether any of the members of the selection committee, or any other individuals involved in choosing candidates for the program, knew the race of the candidates from past encounters with them. Therefore, I will ask defendants to clarify this point.

In interrogatory no. 14, plaintiff asks what percentage of black program members had gang affiliations and what percentage of white program members had gang affiliations. Defendants objected to this interrogatory on the ground that it asked for irrelevant information because the gang affiliation of prospective program members was not disclosed to the selection committee. Cf. Alston v. City of Madison, 853 F.3d 901, 907 (7th Cir. 2017) (plaintiff argued detectives used gang affiliation as racial proxy when they disclosed prospective candidates' gang affiliations to program selection committee). Without evidence that plaintiff's gang affiliation was disclosed to the selection committee, plaintiff cannot argue that his gang affiliation was used as a proxy for race. Therefore, the information sought by this interrogatory is irrelevant.

5. Interrogatory no. 22

This interrogatory asks what percentage of white violent offenders reoffend with another violent crime and what percentage of violent black offenders reoffend with another violent crime. Defendants objected to the interrogatory on the ground that it seeks irrelevant information, is unduly burdensome and seeks information that is equally available to plaintiff. However, they also made clear that the Madison Police Department does not track or keep this information. Therefore, no further response is required.

6. <u>Interrogatory no. 23</u>

Plaintiff asks in this interrogatory who authorized his placement in the program. Although defendants objected to the interrogatory as irrelevant, argumentative and conclusory, they responded that the Notification Selection Committee selected plaintiff for participation in the program and plaintiff's probation agent mandated his attendance at a one-time notification meeting. In his motion, plaintiff makes some arguments about the question's relevancy, but defendants have responded adequately.

B. <u>Defendant McCoshen</u>

Plaintiff posed several interrogatories to defendant McCoshen about the reasons and basis for his selection and placement in the focused deterrence program (nos. 5-7, 12, 9-21 and 25), the types of offenders who qualified for the program (no. 14), the overall purpose of the program (no. 16) and information about who commits violent crimes in the Madison area (nos. 18 and 24). McCoshen is a probation and parole agent. Although she objected to some of the interrogatories on the grounds that they were irrelevant, compound or vague, she responded to all of them and made it clear that she did not participate in the selection or placement of plaintiff or any other individual in the program. Her role was to supervise plaintiff and other individuals after they were placed in the program. Although I understand that plaintiff believes that McCoshen must have knowledge of various selection criteria or statistics for the program, he will have to show this through other means. McCoshen has complied with her obligation to respond to plaintiff's interrogatories.

ORDER

IT IS ORDERED that:

1. Plaintiff Damien Smith's motion to compel, dkt. #24, is GRANTED to the extent that defendants Noble Wray, Cory Nelson, Samantha Kellogg and Paige Valenta have until October 9, 2018 to:

    a. produce any Federal Bureau of Investigation information on which they relied in making their decision to include plaintiff in the program or explain that they do not have any such information; and

    b. disclose whether any of the members of the selection committee, or any other individuals involved in choosing the persons who qualify for the program, knew the race of the candidates from past encounters with them.

2. Plaintiff's motion to compel is DENIED in all other respects.

Entered this 1st day of October, 2018.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge