IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAMIEN SMITH,

                                    OPINION AND ORDER

            Plaintiff,

                                    17-cv-856-bbc

   v.

THE CITY OF MADISON, CORY NELSON,
SAMANTHA KELLOGG, PAIGE VALENTA,
COLLEEN MCCOSHEN and NOBLE WRAY,

           Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order entered on September 23, 2019, I granted defendants' motions for summary judgment with respect to plaintiff Damien Smith's claims that defendants violated the equal protection clause, the due process clause and the Fourth Amendment when they forced him to be a part of the City of Madison's "focused deterrence" program. Dkt. #91. Before the court is plaintiff's motion to reconsider the court's ruling on his equal protection claim under Fed. R. Civ. P. 59(e). Dkt. #93. For the reasons below, I am denying plaintiff's motion.

OPINION

"A Rule 59(e) motion will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." Cincinnati Life Insurance Co. v. Beyrer, 722 F.3d 939, 954 (7th Cir. 2013). Plaintiff argues that I mistakenly found several facts to be undisputed, misunderstood his allegations against defendant Wray and did not properly

1

consider his statistical evidence in dismissing his equal protection claim. However, plaintiff does not cite any evidence or legal authority that undermines my conclusions. Rather, he repeats many of the same arguments that he raised in response to defendants' motion for summary judgment, all of which I considered and rejected previously.

As I explained at length in the summary judgment order, to prevail on an equal protection claim, plaintiff "must show that the program 'had a discriminatory effect" and that the defendants 'were motivated by a discriminatory purpose.'" Alston v. City of Madison, 853 F.3d 901, 906 (7th Cir. 2017) (quoting Chavez v. Illinois State Police, 251 F.3d 612, 635-36 (7th Cir. 2001)). Plaintiff relied primarily on statistics to prove both discriminatory effect and discriminatory purpose. Although many of plaintiff's statistics show a disparate *impact*, that is only one small part of proving discriminatory *effect* or *intent*. Alston v. City of Madison, No. 13-CV-635-BBC, 2015 WL 9095069, at *4 (W.D. Wis. Dec. 16, 2015). Statistics are relevant to discriminatory effect only if they address whether plaintiff was treated differently from a similarly situated member of the unprotected class. Alston, 853 F.3d at 907 (quoting Chavez, 251 F.3d at 638). Although plaintiff insists that his proposed findings of fact addressed this issue, a review of those proposed factual findings shows that plaintiff improperly applied 2015 national statistics about the rate of charged offenses for violent crime by race to the 2011 violent crime rate in Madison and from there, improperly compared those numbers to the racial composition of the focused deterrence program members. Plaintiff's statistics do not show the racial composition of repeat violent offenders in the Madison area and do not prove discriminatory effect or intent with respect

to the implementation of the focused deterrence program.

Plaintiff also seems to challenge the finding that defendants Kellogg, Nelson and Valenta used a seven-step process to identify candidates for the focused deterrence program, dkt. #91 at 4-5, arguing that defendants did not create his offender profile until after they had selected the final 20 candidates for notification. Plaintiff reasons that because he was not one of the 205 offenders initially considered for the program, he did not meet the criteria for "most violent repeat offender" and was selected solely on the basis of his race. However, plaintiff's arguments are misplaced. Even if defendants did not consider plaintiff for the program at the same time that they considered other candidates, that fact in itself does not mean that defendants failed to apply a seven-step process in his case or that defendants selected him for the program based solely on his race. In fact, the undisputed evidence shows that plaintiff was convicted of several offenses, including some violent crimes, and had numerous additional arrests and police contacts.

Plaintiff contends that defendants wrongly identified him as a suspect in two shootings included in his profile. He insists that he could not have been a suspect because he was never charged or convicted with a crime related to either shooting. However, the fact that plaintiff was not charged or convicted in the shootings does not mean that he was never a suspect. Moreover, defendants' decision to include the shootings in plaintiff's profile was not *discriminatory* unless defendants were treating plaintiff differently from other, similarly situated individuals. City of Cleburne, Texas v. Cleburne Living Center, 473 U.S. 432, 439 (1985) (equal protection clause requires that "all persons similarly situated should be treated

3

alike"). Plaintiff failed to make such a showing in his response to defendants' motion for summary judgment. Although he now identifies two individuals whom he says were charged and convicted for the shootings but were not selected as candidates for the program, he says nothing else about these individuals or their criminal history. In any event, this argument comes too late because plaintiff did not raise it in his response to defendants' motion for summary judgment.

Finally, plaintiff takes issue with the statement that "[a]lthough a reasonable jury can infer from the undisputed facts that defendant Wray had final policy-making authority with respect to the program in his position as the chief of police, plaintiff has not made any specific allegations against Wray." Dkt. #91 at 21. Plaintiff points out that he alleged that Wray should be held liable because he oversaw the entire program. However, the finding that Wray had final policy-making authority over the program is consistent with plaintiff's allegation that Wray oversaw the program. I found that plaintiff had not made any specific allegations against Wray because he did not allege or present any evidence that Wray had any responsibility or role in nominating or selecting plaintiff for the program.

For these reasons, plaintiff's motion for reconsideration will be denied.

ORDER

IT IS ORDERED that plaintiff Damien Smith's motion for reconsideration, dkt. #93, is DENIED.

Entered this 3d day of February, 2020.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge